

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00167-CR

Ruben **BARRERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0089
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: April 29, 2020

DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded nolo contendere to aggravated assault with a deadly weapon. The trial court assessed punishment at seven years in prison and a $1500.00 fine. The trial court also signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; (B) after getting the trial court's permission to

appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, shows that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave appellant permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We issued an order warning appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). An amended trial court certification was not filed by the deadline provided. Furthermore, appellant's counsel filed a response conceding that appellant has no right to appeal. Accordingly, we dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH